**Randy L. GILES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 65A01–0105–CR–180.

Court of Appeals of Indiana.

Jan. 9, 2002.

Dennis A. Vowels, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

ROBB, Judge.

Randy Giles appeals from his conviction after jury trial of sexual misconduct with a minor, a Class C felony. We affirm.

*Issue*

Giles presents one issue for our review, namely whether the trial court erred when

admitting into evidence a videotape of Giles' partial admission to police.

### Facts and Procedural History

The facts most favorable to the judgment reveal that in New Harmony, Indiana, on a night in July 1999, Giles called the then-fifteen year-old victim, C.P., around 11:00 p.m. Giles asked C.P. to come to his house to babysit his children while he went to the airport to pick up his wife. After she agreed to babysit, Giles drove to C.P.'s house to pick her up and take her to his house. When Giles and C.P. arrived at Giles' house, Giles pulled C.P. by her arm into the house, pushed her down on the couch, and had sexual intercourse with her. C.P. then walked back to her house alone. Approximately one month later C.P. reported the incident to a friend, and eventually police were notified.

Posey County Sheriff's Deputy Jim McDermon interviewed Giles for the second time on April 4, 2000, after Giles completed a polygraph examination at the Sheriff's office. Giles was not in custody during the videotaped interview, and he signed a *Miranda* waiver beforehand. During that interview Giles confessed to some improper contact with C.P.

Giles was charged with rape, a Class B felony; sexual misconduct with a minor, a Class B felony; and sexual misconduct with a minor, a Class C felony. Prior to the jury trial, Giles moved to suppress the videotaped confession, claiming it was involuntary. The trial court denied the motion to suppress, and Giles was convicted of sexual conduct with a minor as a Class C felony. He now brings this appeal.

### Discussion and Decision

### Admission of Partial Confession

#### A. Standard of Review

■ The decision whether to admit a defendant's statement is within the discretion of the trial court. Absent an abuse of that discretion, we will not disturb a trial court's decision. In determining whether a defendant's statement was given voluntarily, our focus is whether, looking to all of the circumstances, the defendant's statement was free and voluntary and not induced by violence, threats, promises, or other improper influences. When considering the admissibility of a confession on appeal, we will uphold the finding of the trial court if there is substantial evidence of probative value to support it. *Villa v. State,* 721 N.E.2d 1272, 1274 (Ind.Ct.App. 1999), *trans. denied.*

#### B. Voluntariness of Confession

Giles argues his confession to McDermon was involuntary because McDermon made deceptive statements and gave assurances he would receive leniency if he confessed. He argues McDermon told him he would speak to Giles' family and co-workers regarding the incident if Giles did not confess. Finally, McDermon told Giles that officers had an item of C.P.'s clothing from the incident that they could test for physical evidence of the crime, when in fact the clothing was never recovered at all. Giles argues this deception, combined with the other factors, caused the confession to be involuntary.

Giles notes for us several statements McDermon made that are typical of his tactics during the interview. We include a portion of the statements here for illustrative purposes:

> (After Giles denied any wrongdoing) You piss me off you keep sayin that ... I can tell you were lying the first time ... [the prosecutor is] not gonna try to hang you ... But if you deny I'm sure he's gonna, he's got a job, he's the prosecutor ... I don't think he's wanting to

hang you or rope you up or anything like that. I know that is not the goal here ... [I'm] not trying to get you in jail ... I can't work with you if you don't, if you're not gonna admit it ... I know that you're somebody, you're a good person. You're somebody that I can work with. I would say that probably if we could talk to the prosecutor and get an agreement (inaudible) where you probably go to, I'm thinking Mulberry, Deaconess, Crosspoint or something and have a few sessions, or at least, talk to some pro, talk to some professionals ... Well if you walk out of here now without tellin me that something happened then I'm not liable you are ... I'm tryin to be up front with you ... this prosecutor's not going to try and hang you in this case. I will tell you up front he's not looking for you to get jail time ... So after you talk to the prosecutor or we talk to the prosecutor you can feel secure in yourself that it's not necessarily gonna get broadcast to the world. It's not gonna put up bell lights or something.[1]

Brief of Appellant at 6–9.

■ Giles cites the case of *A.A. v. State*, 706 N.E.2d 259, 263 (Ind.Ct.App.1999), wherein we noted that "a confession obtained by a promise of immunity or mitigation of punishment is inadmissible." However, in that case we also found that "[the interviewing officer] did not promise A.A. immunity or mitigation of punishment. Rather, she suggested the possibility of minimal punishment in exchange for his confession. This alone does not render A.A.'s confession inadmissible." *Id.* Our supreme court has also stated that promises of leniency render a statement involuntary, but vague statements that the defendant benefits by cooperating and telling

the real story do not constitute sufficient promises. *Fields v. State*, 679 N.E.2d 1315, 1320 (Ind.1997). We note that Deputy McDermon also asked Giles if he'd rather hear from the prosecutor what the consequences might be, saying "I'm sure you want to hear it from him rather than me. I don't have any guarantees, see what I'm sayin?" Exhibit Volume of Transcript at 2. While Deputy McDermon's statements during the interview may have suggested the likelihood of prosecutorial leniency, they do not rise to the level of "direct or implied promises of immunity or leniency" in exchange for a confession. *Fields*, 679 N.E.2d at 1320.

Giles also cites *Bell v. State*, 622 N.E.2d 450, 453 (Ind.1993), where we noted that a confession obtained as part of a plea agreement is inadmissible if the defendant does not then complete the guilty plea. That case is inapplicable here, as Deputy McDermon neither made an offer of a plea agreement nor spoke as a representative of the prosecutor during the interview.

Finally, Giles cites *Edwards v. State*, 274 Ind. 387, 412 N.E.2d 223, 227 (1980), in which police arranged a staged "identification" of the suspect as the perpetrator of a crime in order to encourage the suspect to confess. The court found the officers' deceptive tactics rendered the confession involuntary. Giles cites this case in support of his argument that McDermon's deception regarding the police having C.P.'s shorts from the night in question caused Giles' confession to be involuntary.

McDermon stated during the interview: "I believe I have the shorts and I have not taken those to the lab yet, because I was kind of waitin to see what happened here. If I had to prove it I could go to all stops." Exhibit Volume of Transcript at 18. While

---

**1.** Giles indicated publicity was an important issue for him in part because he had "a politi-

cal career." Exhibit Volume of Transcript at 1.

we do not condone McDermon's deceptive tactics regarding C.P.'s shorts, we must consider all circumstances of the interview. Our supreme court has previously noted that:

> [t]he voluntariness of a confession is determined from the "totality of the circumstances." The "totality of the circumstances" test focuses on the entire interrogation, not on any single act by police or condition of the suspect. We review the record for evidence of inducement by way of violence, threats, promises, or other improper influences. Although deception on the part of police is not conclusive, it does weigh heavily against the voluntariness of the defendant's confession. In the end, we must judge whether the police conduct in relation to the specific suspect was overbearing. We do not re-weigh the evidence, but rather determine whether there is substantial evidence to support the trial court's findings.

*Luckhart v. State*, 736 N.E.2d 227, 229–230 (Ind.2000) (citations omitted).

The circumstances surrounding Giles' interview indicate Giles was treated with respect by authorities during the investigation. The polygraph examination, which immediately preceded the interview with McDermon, was rescheduled at Giles' request. Giles drove himself to the interview. Giles signed a *Miranda* waiver before the interview. Giles was not in custody during the interview. Giles stated during the interview that he had spoken with several attorneys beforehand. Giles indicated during the interview that he knew the prosecutor because they were involved in the same political party. Before any of the alleged "promises of leniency" were made, Giles himself stated McDermon had treated him fairly. After Giles made the partial confession, he said he wished he "would've talked to [McDermon] like this in September." Exhibit Volume of Transcript at 18. Approximately three times during the interview Giles requested a few days to speak with his wife before McDermon went to the prosecutor, and McDermon eventually granted this request. Given all these circumstances, we hold there was substantial evidence of probative value to support the trial court's conclusion that the partial confession was voluntary.

## Conclusion

The trial court did not err in admitting Giles' partial confession into evidence.

Affirmed.

KIRSCH, J., and SULLIVAN, J., concur.