Danielle **HULFACHOR**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0402–CR–000182.

Court of Appeals of Indiana.

Aug. 26, 2004.

Elizabeth Gamboa, Franklin, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Maureen Ann Bartolo, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellant-defendant Danielle Hulfachor appeals the ten-year sentence imposed upon her conviction for Neglect of a Dependent,[1] a class B felony. Specifically, she argues that the trial court improperly considered evidence outside the record, the trial court did not appropriately weigh the aggravators and mitigators, and her sentence was inappropriate in light of the nature of the offense and the character of the offender. Finding that Hulfacher waived her argument regarding whether the trial court erred in considering evidence outside the record and that her sentence is appropriate, we affirm.

## FACTS

On June 14, 2002, Hulfachor and her seven-month-old son S.H. were staying with Susan Rogers so that they could be near S.H.'s incarcerated father. Also staying at the house was Catherine Connor, an eighty-nine-year-old woman who suffered from osteoporosis and arthritis, which rendered her unable to lift or walk without assistance. While Rogers was out of the house, S.H. suffered serious bodily injury such that he was unable to breathe and was unresponsive. S.H. was rushed to the hospital, where a doctor observed that his eyes were at an angle and one eye was dilated while the other was constricted, something the doctors felt was consistent with a deep middle brain injury.

A CAT scan revealed that S.H. had a large subdural hematoma[2] on the right side of his brain with a large amount of midline shift, and he was listed in critical condition. S.H. also suffered extensive retinal hemorrhages. S.H. was transferred to Riley Hospital and taken for surgery to evacuate the hematoma. On June 15,

---

1. Ind.Code § 35-46-1-4.

2. A subdural hematoma is a collection of blood on the surface of the brain. It lies beneath the outer covering (the dura) of the brain and the brain's surface. "Medline Plus Medical Encyclopedia, a service of the U.S. National Library of Medicine and the National Institutes of Health", at http://www.nlm.nih.gov/medlineplus/ ency/article/000713.htm (last visited August 9, 2004).

2002, a CAT scan revealed that S.H. had a small right subdural hematoma, a fracture of the right frontal lobe, and a swelling secondary brain injury.

On July 18, 2002, S.H. was discharged to a foster home with a nasogastric feeding tube, and he was unable to follow objects with his eyes. His discharge diagnosis was listed as subdural hematoma, non-accidental trauma. On August 12, 2002, a feeding study revealed uncoordinated oral motor control. On September 8, 2002, a medical notation revealed left eye blindness. On December 12, 2003, when S.H. was nearly two years old, he was unable to crawl. S.H. continues to suffer poor muscle tone on his left side, is developmentally delayed, and remains on anti-seizure medications.

On August 21, 2002, the State charged Hulfachor with battery and aggravated battery. On the day that was set for trial, Hulfachor pleaded guilty to neglect of a dependent. In exchange, the State dismissed the original counts of battery and aggravated battery. At the sentencing hearing, the trial court noted:

> I asked the lawyers if they could answer some of my questions which we communicated through e-mail and long story short I was able to go to Juvenile and review the CHINS file in Judge Payne's chambers where I had access to among other things the parenting assessment that was done by the Children's Bureau
> . . . .

Tr. p. 23. The trial court found the nature and circumstances of the offense and the extent of the injury to be aggravating factors. The trial court found as mitigating factors: (1) Hulfachor's lack of criminal history; (2) her remorse, and (3) her youth. Hulfachor was sentenced to the presumptive term of ten years with five years suspended to probation, and she now appeals.

## DISCUSSION AND DECISION

### I. Evidence Outside the Record

■ Hulfachor first argues that the trial court improperly considered evidence outside the record in determining her sentence. To the contrary, the State contends that Hulfachor waived consideration of this issue by inviting the error. We agree with the State.

■ A presentence investigation must be conducted and a report prepared by the probation department for the court's use at sentencing. Ind.Code § 35-38-1-8. The purpose of the presentence investigation is to ensure the court has before it all relevant information about the defendant's background it needs to formulate an appropriate sentence. However, failure to object to allegedly unreliable information relied upon by the trial court in sentencing results in waiver of the issue for appeal. *Johnson v. State,* 699 N.E.2d 746, 751 (Ind. Ct.App.1998). Furthermore, by eliciting evidence, a defendant invites error and may not argue on appeal that the error supports reversal. *Kingery v. State,* 659 N.E.2d 490, 494 (Ind.1995).

■ Hulfachor did not object when the trial court made its statements regarding the additional information it obtained from the CHINS file from another court. In fact, it appears that Hulfachor's attorney helped the trial court obtain this information. Hulfachor's attorney agreed to the introduction of this evidence when she participated in unrecorded communications with the trial court over the Internet. Thus, Hulfachor invited the error, and it is waived for our review. Nevertheless, we strongly caution trial courts against looking outside the record for evidence in a sentencing hearing. Obviously, such a practice deprives a defendant of the opportunity to review the information and refute

its accuracy. By not placing the information in the record, the trial court created a risk that sentencing would be based on inaccurate or irrelevant information. Therefore, trial courts should look only to evidence properly placed in the record when making sentencing determinations.

## II. Sentencing

Hulfachor next contends that her sentence was inappropriate. Specifically, she raises two separate issues: whether the trial court appropriately weighed the aggravators and mitigators, and whether her sentence was inappropriate in light of the nature of the offense and her character.

 Sentencing determinations are within the sound discretion of the trial court, and we will only reverse for an abuse of discretion. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct.App.2003). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We will not revise a sentence authorized by statute unless it is inappropriate in light of the nature of the offense and the character of the offender. *Boner v. State*, 796 N.E.2d 1249, 1254 (Ind. Ct.App.2003).

> Before imposing the sentence, the trial court must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is aggravating and mitigating; and (3) demonstrate that the aggravating and mitigating circumstances have been weighed to determine that the aggravators outweigh the mitigators.

*Id.* at 1255. A finding of mitigating circumstances is not mandatory, and the trial court need not consider a proffered mitigating circumstance that is highly disputable in its nature, weight, or significance. *Moyer v. State*, 796 N.E.2d 309, 313 (Ind. Ct.App.2003). Moreover, a trial court is

not obligated to weigh a mitigating factor the same as the defendant requests. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind.2002). A trial court abuses its discretion regarding the consideration of mitigating circumstances only when the trial court ignores mitigating circumstances that are both significant and clearly supported by the record. *Asher v. State*, 790 N.E.2d 567, 571 (Ind.Ct.App.2003).

### A. Aggravators and Mitigators

 Hulfacher observes that her trial counsel set out five mitigating factors for the trial court's consideration: her youth, her lack of criminal history, her remorse, the hardship to her son if she was incarcerated, and her active participation in the CHINS proceedings demonstrates that she would respond well to probation. The trial court considered each of the first three in determining Hulfacher's sentence; nevertheless, she argues that the trial court did not accord sufficient weight to them. However, as noted above, a trial court is not obligated to weigh a mitigating factor the same as the defendant requests. *Smallwood*, 773 N.E.2d at 263.

 We note that hardship exists in every case where a defendant is sentenced to a term of imprisonment. *Jones v. State*, 790 N.E.2d 536, 540 (Ind.Ct.App.2003). Although it may be true that Hulfacher's incarceration will deprive S.H. "of the love and support of his Mother," Appellant's Br. p. 13, no evidence was presented at the sentencing hearing to show that the hardship to S.H. would be undue. Moreover, it was established that S.H. is responding well in a foster home environment and has the potential of living with his grandparents. Thus, the trial court did not err in not considering this to be a mitigating factor.

Although the trial court did not list as a mitigator that Hulfacher would respond well to probation, it is clear from the record that the trial court did consider this issue. The trial court imposed the presumptive sentence, but suspended five years of the sentence to probation, which gives Hulfacher the benefit of the claim that she would respond well to probation. Therefore, we find no error on this issue.

Hulfacher also avers that the trial court improperly considered the nature and circumstances of the crime as an aggravator. However, facts evidencing the particular brutality of the attack and severity of the resulting injury may be considered as an aggravating factor. *Bailey v. State*, 763 N.E.2d 998, 1004 (Ind. 2002). Here, S.H., an infant of only seven months at the time of the injury, is now developmentally disabled, blind in one eye, and at high risk for lifelong seizures because of non-accidental injury sustained at the hands of Hulfacher. Tr. p. 14; Ex. p. 40, 680, 691, 695. These injuries that will remain with S.H. throughout his life are sufficient to sustain a finding of the nature and circumstances of the crime to be an aggravating factor.

### B. *Appropriateness of the Sentence*

Hulfacher finally argues that her sentence was inappropriate in light of the nature of the offense and her character. However, Hulfacher had complete control of seven-month-old S.H.'s care and well-being when he was injured. When S.H. arrived at the hospital, he was in a coma, had a dilated right pupil and retinal hemorrhages with associated brain swelling. He still suffers from seizures, is developmentally delayed, and has poor muscle tone on his left side. Neither the nature of the offense, nor the character of the offender support a reduced sentence. Even though Hulfacher was sentenced to the presumptive term, we note that she will serve one year less than the minimum term in the Department of Correction because the trial court suspended five years of her sentence to probation. This is not an inappropriate sentence under the circumstances.

### *CONCLUSION*

In light of the above conclusions, we find that Hulfacher's sentence was appropriate and the trial court did not err in its consideration of aggravators and mitigators. We also find that Hulfachor waived her right to argue that the trial court considered evidence outside the record, but strongly admonish trial courts not to do so in the future.

The judgment of the trial court is affirmed.

KIRSCH, C.J., and ROBB, J., concur.