Anthony McCOY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0606–CR–230.

Court of Appeals of Indiana.

Nov. 20, 2006.

Jeffrey G. Raff, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Anthony McCoy was convicted in Allen Superior Court of Class A felony child molestation. The trial court sentenced him to forty-five years, an enhancement of fifteen years above the presumptive sentence. On appeal, McCoy raises three issues, which we restate as:

I. Whether the State produced sufficient evidence to support his conviction,

II. Whether the trial court abused its discretion when it considered McCoy's position of trust and the fact he impregnated his stepdaughter as aggravating circumstances; and

III. Whether McCoy's sentence of forty-five years is appropriate in light of the nature of the offense and character of the offender.

We affirm.

### Facts and Procedural History

In the summer of 2004, K.C., who was then thirteen years old, resided with her mother and stepfather, McCoy. At that time, McCoy had been K.C.'s stepfather for about ten years. He was the predominant father figure in her life, and she called him "Dad." In June 2004, McCoy entered K.C.'s bedroom one night while she was sleeping, woke her up, and had sexual intercourse with her. McCoy said nothing to K.C. during this encounter, even when she asked him to stop.

After the incident, K.C. began missing her periods. In late September 2004, K.C. began to experience cramping and bleeding after a volleyball practice. When she came home, she went to the restroom and passed a "large blood clot" into the toilet, which turned out to be fetal tissue. Her mother wrapped the clot in plastic and eventually took it to the hospital, where a DNA test confirmed that K.C. was the mother of the fetal tissue and McCoy was the father. The doctor told K.C. that she had been pregnant and had miscarried.

On November 4, 2004, the State charged McCoy with Class A felony child molestation. The trial court conducted a jury trial on January 10 and 11, 2005. McCoy stipulated that he was the father of the fetal tissue. At the conclusion of the trial, the jury found McCoy guilty. The trial court found that McCoy's criminal history, his abuse of his position of trust with his stepdaughter, and the fact that he impregnated her were aggravating factors. The trial court found no mitigating circumstances and sentenced McCoy to forty-five years, an enhancement of fifteen years above the presumptive sentence. *See* Ind. Code § 35–50–2–4 (2004 & Supp.2005). McCoy now appeals. Additional facts will be provided as necessary.

### I. Sufficiency of the Evidence

■ On appeal, McCoy contends there was insufficient evidence presented at trial to support his conviction. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. *Love v. State,* 761 N.E.2d 806, 810 (Ind.2002). We must respect the jury's exclusive province to weigh conflicting evidence. *McHenry v. State,* 820 N.E.2d 124, 126 (Ind.2005). On review, we look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. Id. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

In his brief, McCoy repeats his testimony at trial that he was sleeping and woke up to find K.C. having sexual intercourse with him. He claims that given his testimony the State was unable to prove that he acted knowingly when he had sexual intercourse with K.C. McCoy's claim amounts to an invitation to reweigh the evidence and judge the credibility of his testimony, which we may not do. The trier of fact is entitled to determine which version of the incident to credit. *Reyburn v. State*, 737 N.E.2d 1169, 1171 (Ind.Ct.App.2000) (citations omitted).

■ Furthermore, a conviction for child molesting may rest solely upon the uncorroborated testimony of the victim. *Turner v. State*, 720 N.E.2d 440, 447 (Ind.Ct.App. 1999). Here, not only did K.C. testify about the sexual assault, but McCoy also stipulated to the fact that he was the father of the fetus K.C. miscarried. This stipulation coupled with K.C.'s testimony of the molestation is more than sufficient evidence to support the jury's verdict.

## II. Aggravating Circumstances

■ McCoy further contends that the trial court erred in assigning aggravating weight to his position of trust with K.C. and the fact that he impregnated her. Generally, "sentencing determinations are within the trial court's discretion." *Cotto v. State*, 829 N.E.2d 520, 523 (Ind.2005) (citations omitted). When our court is faced with a challenge to an enhanced sentence, we must "determine whether the trial court issued a sentencing statement that (1) identified all significant mitigating and aggravating circumstances; (2) stated the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulated the court's evaluation and balancing of the circumstances." *Payne v. State*, 838 N.E.2d 503, 506 (Ind. Ct.App.2005), *trans. denied.* The trial

court is responsible for determining the appropriate weight to give aggravating and mitigating circumstances. *Powell v. State*, 751 N.E.2d 311, 315 (Ind.Ct.App. 2001) (citations omitted).

■ McCoy contends that the trial court erred in assigning aggravating weight to his "position of trust" with his stepdaughter. He claims that this relationship is inherent in the nature of the crime of child molestation. Br. of Appellant at 5. In *Hart v. State*, we specifically rejected the argument that McCoy makes now, concluding that there is no greater position of trust than that of a parent to his own child. 829 N.E.2d 541, 544 (Ind. Ct.App.2005). McCoy was convicted under Indiana Code section 35-42-4-3 (2004) which provides, "[a] person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting." We reaffirm that this statute in no way encapsulates a "position of trust" with the victim as a material element of the crime.

McCoy has been for all intents and purposes K.C.'s father for the past ten years, since she was only three years old. He was the primary father figure in her life, and she called him "Dad." McCoy violated one of the very highest positions of trust in the commission of this heinous crime. Therefore, we conclude that the trial court properly considered McCoy's position of trust with his stepdaughter as an aggravating circumstance.

■ We note that a "position of trust" by itself constitutes a valid aggravating factor, which supports the maximum enhancement of a sentence for child molesting. *Hart*, 829 N.E.2d at 544. However, McCoy also raises the issue of whether the trial court can properly assign aggravating weight to the fact he impregnated his step-

daughter or whether impregnation is inherent in the crime of molestation and therefore an improper aggravating factor. As our case law has not yet previously decided this issue, we will address McCoy's argument.

At the sentencing hearing, the trial court said,

> We've got a young lady who certainly appeared to be a very nice young lady on the stand, who Mr. McCoy in his position of trust, chose to molest and impregnate, which as [the prosecuting attorney] pointed out, I think has got to be considered as a circumstance of the crime. This is something that this young lady is going to carry with her forever.

Sentencing tr. at 15.

■ Generally, the nature and circumstances of a crime are proper aggravators so long as the trial court takes into consideration facts not needed to prove the elements of the offense. *McCann v. State,* 749 N.E.2d 1116, 1120 (Ind.2001). In fact, the Indiana Code provides that a trial court may assign aggravating weight to the harm, injury, loss, or damage suffered by the victim of an offense if such harm was significant and greater than the elements necessary to prove the commission of the offense. Ind.Code § 35–38–1–7.1(a)(1) (2004 & Supp.2005). In *McCann,* our supreme court noted, "aggravating circumstances turn on the consequences to the victim as well as the culpability of the defendant." 749 N.E.2d at 1120. Our court went on to explain that "[t]his understanding of aggravating circumstances comports with the Black's Law Dictionary definition of aggravation: '[a]ny circumstance attending the commission of a crime . . . which increases its guilt or enormity or adds to its injurious consequences.'" *Id.* (quoting Black's Law Dictionary 60 (5th ed.1979)).

In *Brown v. State,* this rationale led us to conclude that the trial court properly assigned aggravating weight to the nature and circumstances of defendant infecting his victim with gonorrhea, albeit unknowingly, when he molested her. 760 N.E.2d 243, 246 (Ind.Ct.App.2002), *trans. denied.* We have similarly held in *Hulfachor v. State* that a trial court appropriately considered the nature and circumstances of defendant causing his victim to become developmentally disabled and blind in one eye in sentencing the defendant for neglect of a dependent. 813 N.E.2d 1204, 1209 (Ind.Ct.App.2004). In our analysis, we determined that these injuries would remain with the victim for the rest of the child's life, and therefore the severity of the resulting injury was appropriately considered as an aggravating factor. *Id.*

In line with this precedent, we conclude that assigning aggravating weight to impregnation as a "nature and circumstance" of the crime is a logical outgrowth of our court's emphasis on the consequences of a given crime. In addition to K.C.'s physical pain during her miscarriage, she then experienced a great amount of mental and emotional trauma upon finding a bloody fetus in the toilet. The trial court appropriately noted that "[t]his is something that [she] is going to carry with her forever." Certainly K.C.'s mental and emotional anguish increases the guilt and enormity of this heinous crime.

■ We further refuse McCoy's argument that impregnation is inherent in the crime of child molestation. Indiana Code section 35–42–4–3 only requires the performance or submission to sexual intercourse or deviate sexual conduct with a child under the age of fourteen. The majority of children under the age of fourteen, those covered under this statute, would not even be capable of becoming

impregnated either because of immaturity or gender. Therefore, impregnation could not possibly be an element of the crime of child molestation.

We have already concluded that infecting a victim with a venereal disease is merely a possible consequence of child molestation and therefore a proper aggravating factor. *See Brown,* 760 N.E.2d at 246. Likewise, impregnation is a possible consequence of child molestation, one that is a proper aggravating factor. Certainly the harm that K.C. suffered was significant and greater than the elements necessary to prove the commission of the offense, as required to be considered an appropriate aggravating factor under Indiana Code section 35–38–1–7.1(a)(1). Therefore, under the facts and circumstances before us in this case, we conclude that the trial court properly assigned aggravating weight to McCoy's impregnating K.C.

### III. Inappropriate Sentence

■ Lastly, McCoy argues that his aggregate executed sentence of forty-five years is inappropriate. Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B) (2006); *Marshall v. State,* 832 N.E.2d 615, 624 (Ind.Ct.App.2005), *trans. denied.*

As to the nature of the offense, we find it significant that McCoy impregnated his stepdaughter, as elaborated earlier in this opinion. In *Newsome v. State,* we decided that a father impregnating his daughter contributed to the vile nature of the offense. 797 N.E.2d 293, 302 (Ind.Ct.App. 2003). Concerning the character of the offender, we find it relevant that McCoy committed this offense against his own stepdaughter, with whom he was in one of

the highest positions of trust. We further note that McCoy has continued to refuse to accept responsibility for his actions, reiterating his argument on appeal that it was actually K.C. who engaged him in sexual intercourse. In light of the nature of the offense and character of the offender, we conclude that McCoy's enhanced sentence of forty-five years is appropriate.

### Conclusion

We conclude that McCoy's conviction is supported by sufficient evidence, that the trial court properly considered McCoy's position of trust and the fact that he impregnated his stepdaughter as aggravating factors, and that McCoy's enhanced sentence of forty-five years is appropriate in light of the nature of the offense and the character of the offender.

Affirmed.

KIRSCH, C.J., and SHARPNACK, J., concur.