**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 30 2013, 7:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE F. MEDINA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1210-CR-525 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0802-FC-14

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jose Medina appeals his conviction of and sentence for Class A felony attempted child molesting.[1]  He presents three issues for review:

1.      Whether there was sufficient evidence Medina committed attempted child molesting;

2.      Whether the trial court committed fundamental error when it did not instruct the jury on specific intent; and

3.      Whether Medina's sentence is inappropriate in light of his character and offense.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 3, 2007, when S.P. was ten years old, her mother took her and her siblings to spend the night at their aunt's house.  Medina was the aunt's live-in boyfriend.  S.P. and her siblings were familiar with Medina and considered him their uncle.  That night, after S.P. fell asleep on the couch, Medina took her into a bedroom, where he unzipped her pants and placed his hand inside her underwear.  S.P. woke up when she felt his fingers touching the outside of her genitalia.  S.P. said Medina's name, at which point Medina stopped touching her.  S.P. then left the bedroom crying and returned to the couch next to her brother.  The next time S.P.'s mother prepared to take S.P. and her siblings to their aunt's house, S.P. refused, began shaking and crying, and appeared scared.  Her mother asked her what was wrong and within ten minutes S.P. told her what Medina had done.  S.P.'s mother

---

[1] Ind. Code §35-42-4-3(a)(1).

took S.P. to the emergency room and a doctor there notified the police.

Medina was charged with Class C felony child molesting,[2] then the State amended the information to charge Medina with Class A felony attempted child molesting. A jury found Medina guilty of the Class A felony. The trial court entered the conviction and pronounced a forty-year sentence.

## DISCUSSION AND DECISION

1.      <u>Sufficiency of the Evidence</u>

Medina contends the State did not present sufficient evidence to support his conviction. When we review sufficiency of evidence we do not reweigh evidence or assess witness credibility. *Boling v. State*, 982 N.E.2d 1055, 1057-58 (Ind. Ct. App. 2013). "We consider only the probative evidence and reasonable inferences supporting the verdict." *Id.* The evidence need not overcome every reasonable hypothesis of innocence. *Id.* Evidence is sufficient if it permits a reasonably drawn inference that supports the verdict. *Id.* The conviction will be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

An attempt to commit a crime occurs when a person, with the requisite culpability, engages in conduct that constitutes a substantial step toward the commission of the crime. Ind. Code § 35-41-5-1(a). The State charged Medina with violation of Ind. Code § 35-42-4-3(a). In *Boling*, under facts similar to those present here, we explained:

---

[2] Ind. Code 35-42-4-3(b).

3

The statute under which [the defendant] was charged provides that a person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting [which is] a Class A felony if . . . it is committed by a person at least twenty-one (21) years of age. . . . Ind. Code § 35-42-4-3(a)(1). Deviate sexual conduct means an act involving . . . the penetration of the sex organ . . . of a person by an object. Ind. Code § 35-31.5-2-94(2). A finger is an object within the meaning of this definition. *Gasper v. State*, 833 N.E.2d 1036, 1044 (Ind. Ct. App. 2005), *trans*. *denied*. An attempt is made when a person, acting with the culpability required for commission of the crime, . . . engages in conduct that constitutes a substantial step toward commission of the crime. Ind. Code § 35-41-5-1(a). The culpability requirement of the child molesting statute is knowingly or intentionally, see *Louallen v. State*, 773 N.E.2d 794, 798 (Ind. 2002), although the State charged [defendant] only with knowing conduct. A person engages in conduct knowingly if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). Thus, the State must have proved that [defendant] knowingly attempted to commit child molesting and engaged in an overt act constituting a substantial step toward the commission of the crime. *Noble v. State*, 725 N.E.2d 842, 845 (Ind. 2000).

982 N.E.2d at 1057.

In *Boling*, the victim testified Boling "touched her 'front private' first over her underwear and then under her underwear, directly on her skin." 982 N.E.2d at 1057-58. We held that conduct constituted a substantial step toward commission of deviate sexual conduct, so a reasonable jury could find Boling attempted to commit deviate sexual conduct based on that testimony. *Id*.

As in *Boling*, the State charged Medina only with knowing conduct. Thus it was required to prove beyond a reasonable doubt Medina attempted to engage in an act of deviate sexual conduct against S.P., who was under the age of fourteen, and he knowingly engaged in an overt act constituting a substantial step towards that crime. *See id*.

4

S.P. testified Medina unzipped her pants, placed his hand under her underwear, and touched her genitalia. The natural and usual sequence of Medina's conduct indicates he knowingly took a substantial step toward inserting his finger in S.P.'s sex organ. *See Boling*, 982 N.E.2d at 1058 (Boling's contact with minor's genitalia over and under her underwear without penetration sufficient to support a conviction of Class A felony attempted child molestation based on that conduct constituting a substantial step toward knowing penetration). Medina's argument is an invitation for us to reweigh the evidence, which we cannot do. *See id.* at 1057.

2.      Jury Instruction

Jury instructions are within the sound discretion of trial courts and will be reversed only if, taken as a whole, they misstate the law or mislead the jury. *Champlain v. State*, 717 N.E.2d 567, 569 (Ind. 1999). Failure to object to a jury instruction generally results in a waiver of the issue on appeal, *Brown v. State*, 691 N.E.2d 438, 444 (Ind. 1998), unless the error is "fundamental." *Winegeart v. State*, 665 N.E.2d 893, 896 (Ind. 1996). To be fundamental, the error must be "a substantial blatant violation of basic principles that renders a trial unfair to a defendant. Fundamental error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Geiger v. State*, 721 N.E.2d 891, 895 (Ind. Ct. App. 1999) (citation omitted).

Medina contends the omission from the jury instruction of a requirement that the jury find he acted with "specific intent" was fundamental error. We disagree. Medina relies on *Spradlin v. State,* 569 N.E.2d 948 (Ind. 1991), for the proposition that the State must prove

5

"specific intent" in attempt cases. However, the *Spradlin* rule is limited to attempted murder cases. *Richeson v. State*, 704 N.E.2d 1008, 1010 (Ind. 1998). As *Spradlin* is inapposite, Medina has not demonstrated fundamental error occurred.

      3.    <u>Nature of the Offense and the Character of the Offender</u>

Medina also contends his sentence was inappropriate. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted), *trans. denied*.

When we review appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v.*

*State*, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

An advisory sentence serves as a helpful guidepost for ensuring fairness, proportionality, and transparency in sentencing. Ind. Code § 35-50-2-1.3(a). Medina was convicted of a Class A felony, which carries a fixed term of between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code §35-50-2-4. The court imposed a forty-year sentence.

As to the nature of the offense, Medina violated a position of trust. That, standing alone, justifies a sentence greater than the advisory. *McCoy v. State*, 856 N.E.2d 1259, 1262 (Ind. Ct. App. 2006) (violation of position of trust, standing alone, is sufficient to support maximum enhancement of sentence for child molesting). An adult defendant violates a position of trust when there is at least an inference he has authority over the minor victim. *Rodriguez v. State*, 868 N.E.2d 551, 555 (Ind. Ct. App. 2007). A defendant is in a position of trust when the relationship with the minor is "more than [a] casual relationship." *Id*.

Medina occupied a position of trust with S.P. He cohabited with her aunt, had authority over S.P. while she stayed at their house overnight, and was regarded by S.P. as her uncle. Theirs was more than a casual relationship. Medina's actions during S.P.'s overnight stay with him and her aunt were a violation of his position of trust with S.P. Therefore, we cannot say Medina's sentence is inappropriate based on the nature of the crime.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). The significance of a defendant's prior criminal history as an aggravating factor will vary based

on the gravity, nature, and number of his prior offenses and their relation to the current offense. *Prickett v. State*, 856 N.E.2d 1203, 1209 (Ind. 2006). For example, a criminal history that does not include sexual misconduct does not, by itself, support a maximum sentence for a sexual misconduct conviction. *Simmons v. State*, 746 N.E.2d 81 (Ind. Ct. App. 2001) (reducing maximum sentence to forty years), *trans. denied*. That, however, does not mean unrelated criminal history has no bearing. *See Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008) (unrelated criminal history is not inconsequential).

Medina contends his criminal history is remote and unrelated to the charged offense, and should, therefore, have little bearing on our consideration of his character. Medina's prior criminal offenses are different in nature and gravity from this attempted child molestation. His criminal history includes a felony conviction in 2010 of resisting law enforcement; misdemeanor convictions in 2001 of operating while intoxicated and reckless driving; misdemeanor convictions in 2003 of carrying a concealed weapon and driving while suspended; and a misdemeanor conviction in 2004 of petty theft. Medina resides in this country illegally, which indicates disregard for immigration laws. *See Samaniego-Hernandez v. State*, 839 N.E.2d 798, 806 (Ind. Ct. App. 2005) (status as an illegal alien is a proper aggravator).

Medina also contends his employment history, dependent children, the isolated nature of the offense, his inebriation during the offense, the absence of threat to S.P., and the fact that he was originally charged with a lesser offense should support revision of his sentence. We disagree; none of these considerations so outweigh his violation of his position of trust or

8

his criminal history as to make his sentence inappropriate. *See Hamilton,* 955 N.E.2d at 727 (finding a violation of position of trust warranted a sentence enhancement notwithstanding fact that sexual misconduct was an isolated occurrence, the victim was young but not of tender years, defendant had limited and remote criminal history, and there was no specific threat to the victim). Based on Medina's character, we cannot say his sentence was inappropriate.

Medina has not demonstrated his forty-year sentence is inappropriate in light of his character and offense, and we accordingly affirm.

## CONCLUSION

The State proved Medina had the requisite culpability and took a substantial step towards attempting to molest S.P. As a "specific intent" instruction is not warranted in a prosecution for attempted child molestation, the trial court did not err in declining to give such an instruction. Further, Medina has not shown his sentence is inappropriate based on his character or the nature of his offense. Accordingly, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.