**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 16 2014, 1:26 pm

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY C. BUZZARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1403-CR-75 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Judge
Cause No. 02D04-1303-FA-9

**December 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jeffrey C. Buzzard appeals his conviction of and sentence for four counts of Class A felony child molesting,[1] one count of Class C felony child molesting,[2] and five counts of Class D felony child seduction.[3] Buzzard presents two issues for our review:

1. Whether the State presented sufficient evidence to sustain his convictions; and

2. Whether Buzzard's 126-year sentence is inappropriate.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Buzzard began dating B.E.'s mother when B.E. was in the fourth grade. Buzzard started molesting B.E. that year, when she was nine or ten years old, and continued to molest her until she was eighteen. B.E. testified the first time Buzzard touched her inappropriately: "[he] was touching my stomach, and then he started going up." (Tr. at 215.) She testified he "pretty quickly" began touching her "private areas." (*Id.* at 217-18.) This touching consisted of oral sex and digital penetration of B.E. After B.E. began menstruating, which was before B.E. entered middle school, Buzzard began having sexual intercourse with her. All of these forms of abuse continued until B.E. graduated from high school, and B.E. testified Buzzard molested her "almost every day." (*Id.* at 220.)

Family and friends noticed the relationship between Buzzard and B.E. was similar to a relationship between a boyfriend and girlfriend – Buzzard would insist B.E. kiss him on the lips, Buzzard would not allow B.E. to have other friends or boyfriends, and Buzzard would

---

[1] Ind. Code § 35-42-4-3 (2012).
[2] Ind. Code § 35-42-4-3(b) (2012).
[3] Ind. Code § 35-42-4-7 (2012).

2

constantly text B.E. regarding her whereabouts. During this time, B.E.'s mother had been diagnosed with brain cancer and had to have treatments, including surgery. When B.E. told Buzzard she was going to tell her mother about the molestation, Buzzard told B.E. that the news would kill her mother; thus, B.E. did not feel she could safely confide in her mother. B.E. did not report the abuse until she attempted suicide in December 2011. After she was taken to the hospital for treatment, she told the counselors, her family, and the police. Her mother died shortly thereafter from cancer.

After a police investigation, the State brought charges against Buzzard for four counts of Class A felony child molesting, one count of Class C felony child molesting, and five counts of Class D felony child seduction. A jury found him guilty as charged. The court ordered the sentences for the four counts of Class A felony child molest and four of the counts of Class D felony child seduction to be served consecutive to one another, and ordered the sentences for the Class C felony child molest and one count of Class D felony child seduction to be served concurrent with all other sentences. The total aggregate sentence is 126 years.

## DISCUSSION AND DECISION

1. Sufficiency of Evidence

Buzzard claims the evidence presented at trial was insufficient to support his convictions. Our standard of review is well-settled:

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to

3

determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

Buzzard asserts B.E.'s testimony was incredibly dubious.

Under the "incredible dubiosity rule" we may "impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.'" *Rodgers v. State,* 422 N.E.2d 1211, 1213 (Ind. 1981). We will reverse a conviction if the sole witness presents inherently improbable testimony and there is no circumstantial evidence of the defendant's guilt. *White v. State,* 706 N.E.2d 1078, 1079-80 (Ind. 1999).

*Archer v. State,* 996 N.E.2d 341, 351 (Ind. Ct. App. 2013), *trans. denied.*

Buzzard argues B.E. was unable to recollect anything more than the first incident, which did not amount to a molestation, and thus, her testimony was incredibly dubious. However, B.E. testified to more than one incident. In fact, B.E. testified Buzzard molested her "almost every day." (Tr. at 220.) She also testified Buzzard's molestation continued from fourth grade until she was eighteen years old and graduated from high school. B.E. testified regarding where the molestations occurred in the house, what time of day they occurred, and what Buzzard did to her.

4

Buzzard "does not point to any of [B.E.'s] testimony that is 'inherently improbable.'" *Archer*, 996 N.E.2d at 351. Nor has he pointed to any evidence her testimony was coerced. Once she came forward, B.E. was never equivocal about whether these molestations occurred, and in light of the testimony from friends and family members about Buzzard's behavior toward B.E., we decline to construe her testimony as wholly uncorroborated or inherently contradictory. *See Altes v. State*, 822 N.E.2d 1116, 1122 (Ind. Ct. App. 2005) (application of the incredible dubiosity rule is "limited to cases where the sole witness' testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it"), *trans. denied*. Without a showing of incredible dubiosity, we will not reweigh the evidence or reassess B.E.'s credibility.[4] *See*, *e.g.*, *Leyva v. State*, 971 N.E.2d 699, 702 (Ind. Ct. App. 2012) (testimony of victim not found to be inherently improbable; thus, weight of evidence and credibility of witness left to the trier of fact), *trans. denied*.

2.      Inappropriate Sentence

Buzzard also claims the length of his sentence is inappropriate.[5]

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due

---

[4] Buzzard also asserts the evidence was insufficient because B.E. was the only witness who testified about acts of molestation. As a conviction of child molesting may rest on the uncorroborated testimony of the victim, *Barger v. State,* 587 N.E.2d 1304, 1308 (Ind. 1992), *reh'g denied*, we decline to reverse on that basis.

[5] Buzzard asserts the court did not make a proper sentencing statement. Failure to provide a sentencing statement would be an abuse of discretion. *Anglemyer v. State,* 868 N.E.2 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). However, the court, in fact, gave a statement that explained the sentence it imposed, and so we see no abuse of discretion.

Buzzard also challenges the way in which the trial court weighed and balanced the aggravators and mitigators. After *Anglemyer*, we no longer review the trial court's weighing and balancing of aggravators and mitigators. *See Anglemyer*, 868 N.E.2d. at 491. Thus, we cannot reverse on this basis.

consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State,* 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*.

The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

Regarding the nature of the offenses, the trial court noted the offenses took place over a long period and Buzzard violated his position of trust with B.E. In support of his contention that his sentence is inappropriate for his offenses because there was only one victim, Buzzard cites *Harris v. State,* 897 N.E.2d 927 (Ind. 2008). Harris was charged with only two incidents that happened during a relatively short time. The court held that a consecutive sentence was inappropriate in that context. In contrast, Buzzard was charged with ten offenses that were significantly different from one another and happened repeatedly over almost a decade. We see nothing inappropriate about Buzzard's 126-year sentence in light of the fact these offenses were "perpetrated on this victim multiple times over a long,

long period of time." (Sent. Tr. at 38.)[6]

As for Buzzard's character, we note the evidence that he is well liked in his community, served honorably in the military, and is affiliated with a church. However, as the trial court noted, this is a "kind of a two edged sword . . . [as] rather deceitful in your conduct with this child." (*Id.* at 37-38.) This is shown most clearly by Buzzard's ability to manipulate B.E. into remaining silent by telling her she would be responsible for killing her mother if she revealed the abuse. We agree with the trial court that Buzzard's violation of his position of trust reflects very poorly on his character. *See McCoy v. State*, 856 N.E.2d 1259, 1264 (Ind. Ct. App. 2006) (being in a position of trust aggravates the charge of child molest and concerns the character of the offender). Taking into account both the nature of the offense and Buzzard's character, we see nothing inappropriate about a 126-year sentence.

## CONCLUSION

B.E.'s testimony was not incredibly dubious and thus sufficient to permit the jury to find Buzzard guilty of the charges, and Buzzard has not demonstrated his sentence is inappropriate based on his character and the nature of his offenses. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[6] We note that Indiana Appellate Rule 28(A)(2) requires that the transcript "be numbered consecutively regardless of the number of volumes the Transcript requires." The transcript here contained five volumes but two of the volumes were not numbered consecutively as required by Appellate Rule 28.

7