## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2017, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kamau I. Campbell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | June 23, 2017 <br><br> Court of Appeals Case No. <br> 91A05-1606-CR-1521 <br><br> Appeal from the White Superior Court <br><br> The Honorable Robert B. Mrzlack, Judge <br><br> Trial Court Cause No. <br> 91D01-1505-F3-49 |

**Mathias, Judge.**

[1] Kamau Campbell ("Campbell") was convicted in White Superior Court of Level 3 felony robbery, and he was ordered to serve eleven years executed in

the Department of Correction. Campbell appeals his sentence arguing 1) that the trial court abused its discretion when it considered the circumstances of the crime as an aggravating circumstance, and 2) that his eleven-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]     We affirm.

## Facts and Procedural History

[3]     On May 13, 2015, Campbell robbed the Wells Fargo Bank in Monticello, Indiana. During the robbery, he carried a metal bar that he had altered so that it appeared to be a gun. When Campbell entered the bank, he shouted "this is a real robbery" and demanded cash from the two bank tellers. Tr. Vol. II pp. 80-81. He threw a bag and other items from the bank counters at the tellers and told them to put money in the bag and not to set off the alarm. The tellers complied and followed Campbell's instructions as the bank had trained them to do. The bank manager and the teller running the drive thru, who were not in the front of the bank, were able to set off their alarms to notify the police that a robbery was in progress.

[4]     After the tellers put money in his bag, Campbell fled from the bank carrying the bag and the metal bar. Campbell ran toward a wooded area adjacent to nearby railroad tracks. Campbell was apprehended shortly thereafter by officers from the Monticello Police Department. When he was searched incident to arrest,

the officers found a knife in his pocket. The officers also recovered the money stolen from the bank and a black metal bar.

[5] Campbell was charged with Level 3 felony robbery. In May 2016, a jury trial was held, and Campbell was convicted as charged.

[6] Campbell's sentencing hearing was held on June 21, 2016. The four employees present during the bank robbery gave statements expressing the emotional trauma and fear they suffered both during and after the robbery. The trial court considered the employees' continued trauma as an aggravating circumstance. The trial court found that Campbell's lack of criminal history, remorse, and history of depression were mitigating circumstances. The trial court also considered that Campbell's crime seemed to be out of character for him. However, the trial court concluded that the aggravating circumstance outweighed the mitigating circumstances and ordered Campbell to serve an eleven-year sentence executed in the Department of Correction. Campbell now appeals.

## Discussion and Decision

[7] Campbell argues that the trial court abused its discretion when it considered the continued trauma suffered by the bank tellers as an aggravating circumstance. He also contends that his eleven-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

### A. Abuse of Discretion

[8] In its sentencing order, the trial court found "that four bank employees were emotionally harmed by the Defendant's actions" to be an aggravating circumstance. At the sentencing hearing, the court stated:

> And unfortunately, you traumatized four bank employees and probably other customers who were there and in the area at the time. And at least with the bank employees, they're going to have to live with that experience for the rest of their lives. And that's something that's not easy to get over. If you lose your feeling and safety and trust in human beings, you're constantly looking over your shoulder, you're constantly looking around, you're constantly in fear of the unknown. . . . Though its something that hopefully will pass over time, it probably will never go away.

> The fact that four individual employees were at the Wells Fargo Bank when this took place and were victimized by your actions, the Court finds that to be an aggravating factor, even though you were charged with just one robbery.

Tr. Vol. III, pp. 48-49.

[9] Campbell argues that the trial court abused its discretion when it considered the harm suffered by the bank employees as an aggravating circumstance. *See Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (stating that sentencing decisions are within the sound discretion of the trial court). An abuse of discretion occurs when the trial court's decision is contrary to "the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Williams v.*

*State*, 997 N.E.2d 1154, 1163 (Ind. Ct. App. 2013). A trial court abuses its discretion by

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

[10] Under Indiana Code section 35-38-1-7.1(a)(1), the trial court may consider as an aggravator whether "[t]he harm, injury, loss, or damage suffered by the victim . . . was . . . significant [ ] and . . . greater than the elements necessary to prove the commission of the offense." *See also McCoy v. State*, 856 N.E.2d 1259, 1263 (Ind. Ct. App. 2006) (stating that in order to find the nature and circumstances of the crime to be an aggravating circumstance, the trial court must point to facts not necessary to establish the elements of the offense). In this case, Campbell was convicted of Level 3 felony robbery and the charging information alleged that Campbell "did knowingly or intentionally take property from . . . Wells Fargo Bank . . . by putting the Wells Fargo Bank employees in fear while armed with a deadly weapon, to wit: a metal pipe." Appellant's App. p. 23.

[11] Because the State was required to prove that Campbell caused the bank employees to suffer fear during the robbery, that circumstance cannot be used

as an aggravating factor. However, the trial court specifically considered the bank employees' trauma that they continue to suffer even now, as a result of the robbery. This finding was supported by the testimony and evidence presented at the sentencing hearing, and the trial court acted within its discretion when it considered this aggravating circumstance.

### B. Inappropriate Sentence

[12]     Campbell also argues that his eleven-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting our review, "[w]e do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Ultimately, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d

1219, 1225 (Ind. 2008). Campbell bears the burden to establish that his sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[13] When considering the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a level 3 felony is nine years, with a sentencing range of three to sixteen years. Ind. Code § 35-50-2-5(b). Campbell's eleven-year sentence is two more years than the advisory.

[14] There is nothing particularly egregious about the nature of Campbell's offense. He quickly robbed the bank armed with a metal bar altered so that it would appear to be a gun. He yelled at the bank tellers to put money in his duffle bag, and once that was accomplished he ran out of the bank. When he was arrested, he had a knife in his pocket, but the knife was not used in the commission of the robbery. No one was physically harmed during the robbery. However, Campbell's crime inflicted emotional injury on the bank employees who continue to suffer from the stress and trauma of the robbery.

[15] Up to the date that thirty-eight-year-old Campbell chose to rob the bank, he led a law-abiding life and was a productive member of society. The trial court observed that Campbell has a bachelor's degree, he was employed, supported his family, and helped his siblings by serving as a role model for them. The court stated "so, the Court is convinced that this type of activity is out of character for you[.]" Tr. Vol. III, p. 48. Campbell also suffers from depression

and sought treatment for his depression both before and after he committed the robbery.

[16] No facts in the record would support a sentence higher than the nine-year advisory if we were just considering the character of the offender. However, Campbell's offense has resulted in on-going emotional trauma for the four bank employees present during the robbery. Under these facts and circumstances, we cannot conclude that the trial court's decision to impose an eleven-year sentence for this offense is an "outlier" that should be revised under our constitutional authority to review and revise sentences. *See Cardwell*, 895 N.E.2d at 1225. For this reason, we conclude that Campbell has not met his burden of persuading us that his eleven-year sentence, which is five years less than the maximum sentence allowed,[1] is inappropriate, in light of the nature of the offense and the character of the offender. *See Anglemyer*, 868 N.E.2d at 494 (stating the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate).

[17] Affirmed.

Kirsch, J., and Altice, J., concur.

---

[1] The impact of a three-year sentence is markedly different from a sixteen-year sentence. It is hard to imagine a scenario where a three-year sentence would be imposed for an armed bank robbery. For comparison's sake, other Level 3 felony offenses include possessing more than twenty-eight grams of methamphetamine, sex trafficking of a minor, arson if it results in bodily injury to any person, child molesting, and aggravated battery. *See* I.C. §§ 35-48-4-6.1, 35-42-3.5-1; 35-43-1-1, 35-42-4-3, 35-42-2-1.5.