Louis MOYER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0212–CR–997.

Court of Appeals of Indiana.

Sept. 23, 2003.

John T. Wilson, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Louis Moyer appeals his forty-year aggregate sentence on his convictions for two counts of Class B felony dealing in a schedule II controlled substance[1] and two counts of Class C felony dealing in a schedule IV controlled substance.[2] We remand with instructions to vacate Moyer's sentence and impose an aggregate sentence of twenty-four years.

### Issue

Moyer presents a single issue for review, which we restate as whether the trial court abused its discretion in its consideration and balancing of aggravating and mitigating circumstances.

---

1. Ind.Code § 35–48–4–2.

2. Ind.Code § 35–48–4–3.

## Facts and Procedural History

On May 9, 2001, while at the home of a friend, Moyer, a cancer patient, sold his prescribed Valium and Loratab medications to Christopher Ellis, Keith Johns, and Steven Crouch. Moyer also gave the trio ten cubic centimeters of liquid morphine at no additional cost. Later that day, Crouch and Ellis purchased additional Valium, Loratab, and Soma pills from Moyer at his residence. Moyer also gave them ten cubic centimeters of liquid morphine.

The State charged Moyer with two counts of Class B felony dealing in a schedule II controlled substance and two counts of Class C felony dealing in a schedule IV controlled substance. A jury found him guilty as charged. On September 9, 2002, the trial court sentenced Moyer as follows:

> The Court sentences the defendant for Count I, Dealing in a Scheduled IV Controlled Substance to the Department of Corrections for eight years, which is an aggravation from four years. Count II, also eight years which is aggravating from four years to eight years. Count III, Dealing in a Schedule II Controlled Substance, Class B felony, to the Department of Corrections for twenty, likewise in Count IV, Department of Corrections for twenty years. Counts I and III and II and IV to run consecutive with each other. The Court finds aggravating circumstances to justify the enhanced sentence and the consecutive sentences to be the fact that these were two separate incidences [sic] at two separate locations. The young men who were obtaining the drugs from the defendant in this case made two separate visits. They had a knowledge and an awareness among themselves as to where they could find these particular items. From whom more particularly

> because the first time they were able to get them from the defendant at a different location the second time they obtained them from his residence. The defendant's prior criminal history which is well documented in this pre sentence investigation report. He's had a history of adult felony crimes for twenty[-]one years. He violated the conditions of his bond. While he was on bond he was publicly intoxicated. He threatened witnesses in this case, which caused the bond to be revoked. The defendant was using the resources that society had made available to him through low cost drugs and medicines for his illness to unreasonably sell for profit and he's abused the opportunities that he's had in that regard too. The Court sentences him to the Department of Corrections for a period of forty years[.]

Tr. at 299–301. Moyer now appeals.

## Discussion and Decision

Sentencing decisions are within the trial court's discretion, and we will reverse only for an abuse of discretion. *Powell v. State*, 751 N.E.2d 311, 314 (Ind. Ct.App.2001).

> The trial court's sentencing discretion includes the determination of whether to increase presumptive penalties, impose consecutive sentences on multiple convictions, or both. In doing so, the trial court determines which aggravating and mitigating circumstances to consider, and is solely responsible for determining the weight to accord each of these factors.

*Perry v. State*, 751 N.E.2d 306, 308–09 (Ind.Ct.App.2001) (citation omitted). Moyer contends that the trial court relied on improper aggravating circumstances to enhance his sentence and ignored certain mitigating factors. We address each contention in turn.

## A. Aggravating Circumstances

 Moyer correctly asserts that "a trial court may not use a factor constituting a material element of an offense as an aggravating circumstance." *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000). Given that Moyer neither sets out the elements of the relevant offenses nor demonstrates their purported relationship to the aggravating circumstances, however, we conclude that he has waived this contention for review. *See Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind.Ct.App.1999) ("Failure to present a cogent argument constitutes a waiver of that issue for appellate review.").

 Moyer also contends that the trial court relied on inaccurate information regarding his criminal history. The trial court incorrectly stated that Moyer "had a history of adult felony crimes for twenty[-]one years" and deemed this history to be an aggravating circumstance. Appellant's App. at 76. In fact, Moyer has never been convicted of a felony. Moyer correctly asserts that he is entitled to be sentenced only on the basis of accurate information. *Dillon v. State*, 492 N.E.2d 661, 663 (Ind.1986). Nevertheless, we note that in addition to any prior felony convictions, a trial court is also allowed to "consider misdemeanors and other prior criminal activity which has not been reduced to a conviction but which does indicate a prior criminal history." *Hoelscher v. State*, 465 N.E.2d 715, 717 (Ind.1984). Moyer's criminal history consists of two Class A misdemeanor battery convictions, ten arrests for public intoxication, and a seatbelt violation. As such, the trial court did not abuse its discretion in identifying Moyer's criminal history as an aggravating circumstance.

## B. Mitigating Circumstances

 Moyer contends that the trial court should have considered the purchasers' facilitation of the crimes, the hardship to his daughter resulting from his incarceration, the public cost of his health treatment, and his illness as significant mitigating circumstances. The finding of mitigating circumstances is not mandatory and rests within the trial court's discretion. *Hurt v. State*, 657 N.E.2d 112, 115 (Ind.1995). The trial court has the discretion to determine the existence of and the weight given to a mitigating circumstance. *Davies v. State*, 758 N.E.2d 981, 987 (Ind. Ct.App.2001), *trans. denied* (2002). The trial court is not required to accord the same weight to a mitigating circumstance as would the defendant. *Id.* Additionally, the trial court need not consider a mitigating circumstance that is highly disputable in nature, weight, or significance. *Id.* When the trial court fails to find a significant mitigating circumstance that is clearly supported by the record, however, there is a reasonable belief that it was improperly overlooked. *Johnson v. State*, 725 N.E.2d 864, 868 (Ind.2000).

 We must reject Moyer's contention with respect to the first three mitigators he proposes. The record indicates that the purchasers knew that Moyer was a drug dealer and knew of his whereabouts; Moyer twice sold them drugs and gave them morphine free of charge. Next, although Moyer expressed devotion to his daughter and testified to making child support payments, he did not specify the financial or emotional effects of his incarceration on his daughter; as such, we cannot consider this alleged hardship to be either significant or clearly supported by the record. Also, we note that Moyer did not mention the public cost of his health treatment at sentencing. "If the defendant does not advance a factor to be mitigating at sentencing, we will presume that it is not significant, and the defendant is precluded from advancing it as a mitigating

circumstance for the first time on appeal." *Spears*, 735 N.E.2d at 1167.

■ We do agree with Moyer, however, that his illness is a significant mitigating circumstance clearly supported by the record. Moyer testified at length about the medical hardships that he would endure if incarcerated. He suffers from lymphoma, malignancy of the larynx, and recurring tumors. He also has pulmonary disease and relies on a breathing apparatus. Moyer requires frequent tracheal cleanings and sterile catheters, which the jail cannot provide regularly. The record clearly demonstrates that Moyer is seriously ill and requires constant medical attention; therefore, we conclude that the trial court abused its discretion in not considering Moyer's illness as a significant mitigating circumstance.

■ "When faced with a sentencing irregularity, 'we have the option to remand to the trial court for a clarification or new sentencing determination; to affirm the sentence if the error is harmless; and to reweigh the proper aggravating and mitigating circumstances independently at the appellate level.'" *Davies v. State*, 758 N.E.2d 981, 991 n. 11 (Ind.Ct.App.2001) (quoting *Holsinger v. State*, 750 N.E.2d at 354, 363 (Ind.2001)); *see also* IND. CONST. art. 7, § 6 (providing for Court of Appeals' "review and revision of sentences for defendants in all criminal cases"). We elect appellate reweighing here.[3]

■ We find that the aggravating circumstances found by the trial court outweigh the mitigating circumstance of Moyer's illness, but not so substantially as to justify the imposition of maximum sentences on all counts. We therefore remand with instructions to vacate Moyer's forty-year sentence and to resentence him to seven years on each of Counts I and II and to seventeen years on each of Counts III and IV, with the sentences on Counts I and III to be served consecutive to the sentences on Counts II and IV, for an aggregate sentence of twenty-four years.

Remanded.

SHARPNACK, J., and BAKER, J., concur.

---

**3.** Accordingly, we need not address Moyer's argument that his sentence is "manifestly unreasonable" under the former Indiana Appellate Rule 7(B). We advise Moyer that Appellate Rule 7(B) was amended effective January 1, 2003, as follows: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."