## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Rigney,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 23, 2016

Court of Appeals Cause No.
33A01-1508-CR-1301

Appeal from the Henry Circuit Court

The Honorable Mary G. Willis, Judge

Trial Court Cause No.
33C01-1311-FB-97

**Barnes, Judge.**

## Case Summary

Joshua Rigney appeals his fourteen-year sentence for Class B felony possession of a firearm by a serious violent felon. We affirm.

## Issues

Rigney raises two issues, which we restate as:

I. whether the trial court abused its discretion when it sentenced Rigney; and

II. whether the fourteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts

On November 1, 2013, Myron Crabtree discovered that four guns were missing from his house. Crabtree's brother, Kenny Riddle, who lived with Crabtree, owed money to Rigney. Later that day, Rigney's girlfriend, Leslie Catron, saw Rigney with several large gun bags. Rigney told Catron that he thought the guns belonged to Riddle. When Crabtree learned that Rigney might have the guns, he confronted him. Rigney then gave the guns back to Crabtree.

The State charged Rigney with Class B felony burglary, Class B felony possession of a firearm by a serious violent felon, Class D felony receiving stolen property, and Class B misdemeanor criminal mischief. After a jury trial, Rigney was found guilty of Class B felony possession of a firearm by a serious violent felon. At the sentencing hearing, the trial court found two aggravators—Rigney's criminal history and the fact that he had recently

violated multiple conditions of probation and has numerous pending cases. The trial court sentenced Rigney to fourteen years in the Department of Correction. Rigney now appeals.

# Analysis

### I. *Abuse of Discretion*

[5] Rigney argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[6] Rigney argues that the trial court abused its discretion because it did not find his mental health and physical health as mitigating factors. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that

the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[7] There was no evidence presented at the sentencing hearing regarding Rigney's physical or mental health. The only information concerning his physical and mental health was provided in the presentence investigation report, which stated:

> On June 27, 2012, [Rigney] was in a car accident which resulted in his having a broken nose, broken orbital sockets, broken C1-C3, broken L1-L5, his head was degloved, his left arm was degloved, and his left ulna was broken. In addition, he has suffered from post-traumatic stress disorder and other mental trauma. He has been treated since the accident for the various injuries. He started a process to stretch the skin on his head so that a plate could be placed to protect his brain. He was incarcerated on the probation violation in 33C01-0901-FB-000001 before the process could be completed. He stated that medical staff at the DOC reviewed his case and did not continue the process and the materials placed in his head were removed.
>
> The defendant indicated being on [various medications]. The defendant stated that he has experienced more seizures lately, he believes due to stress.
>
> * * * * *
>
> The defendant participated in counseling at CMHS (now Meridian Services) when he was a juvenile. He attempted suicide in the past by cutting himself, but believes it was more because he was mad and not truly trying to kill himself.

The defendant was in patient at the psychiatric unit of Ball Hospital in 2008 followed by treatment at Meridian Services. He was diagnosed with Anxiety Disorder, Borderline Bipolar Disorder and ADHD.

The defendant has suffered from Post-Traumatic Stress Disorder and other mental trauma since his car accident in June of 2012. He participated in counseling with Sharon Bertram at Meridian Services through the summer of 2014.

The defendant stated that he undergoes psychiatric care at the IDOC. He sees a counselor on a monthly basis and a psychiatrist every 3 months.

App. p. 201.

[8] We first address Rigney's physical health. Significant illnesses can be considered a mitigating circumstance. *See Moyer v. State*, 796 N.E.2d 309, 313-14 (Ind. Ct. App. 2003). However, "[i]f the defendant does not advance a factor to be mitigating at sentencing, we will presume that it is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Id.* Rigney did not mention his physical health during the sentencing hearing or argue that it was a mitigator.

[9] Waiver notwithstanding, in *Moyer*, extensive evidence regarding the defendant's illnesses and necessary medical treatments was presented at the sentencing hearing. Here, Rigney presented no evidence concerning his physical health at the sentencing hearing. The only evidence concerning his physical health was provided in the PSI, which explained that Rigney was in a car accident in June

2012, that he had various injuries as a result, that he had been undergoing a process to stretch the skin on his head so that a plate could be placed to protect his brain, but that the DOC did not continue the process. However, unlike *Moyer*, Rigney presented no evidence regarding medical hardships that he would endure if incarcerated, no evidence that the prison was unable to accommodate his medical issues, and no evidence that he suffered medical problems from the DOC's discontinuing the stretching process. The proposed mitigator is not clearly supported by the record. The trial court did not abuse its discretion when it did not consider his physical health as a mitigator.

[10]    As for Rigney's mental health, he did advance that as a proposed mitigator at the sentencing hearing. However, again, he did not present any evidence concerning his mental health at the sentencing hearing. The only information concerning his mental health is provided in the PSI, which notes that Rigney has post-traumatic stress from the car accident, an anxiety disorder, borderline bipolar disorder, and ADHD. He has attempted suicide, was hospitalized for psychiatric treatment in 2008, and currently attends counseling.

[11]    Our supreme court has held there is "the need for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." *Covington v. State*, 842 N.E.2d 345, 349 (Ind. 2006). The court identified several factors to consider in weighing the mitigating force of a mental health issue, including "the extent of the inability to control behavior, the overall limit on function, the duration of the illness, and the nexus between the illness and the crime." *Id.* Rigney presented no evidence concerning the extent of his inability

to control his behavior, the overall limit on his ability to function, or the nexus between his mental health and his offense. Given the lack of evidence on these factors, Rigney has not shown that his mental health was significant or clearly supported by the record. The trial court did not abuse its discretion when it did not recognize Rigney's mental health as a mitigator.

## II. *Inappropriate Sentence*

Rigney argues that his sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than

the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[14] The nature of the offense is that Rigney had four guns in his possession despite his status as a serious violent felon. As for Rigney's character, we note that thirty-two-year-old Rigney has a significant criminal history. As a juvenile, Rigney was adjudicated delinquent for what would have been Class C felony burglary. As an adult, Rigney has convictions for Class D felony receiving stolen property, Class A misdemeanor operating a vehicle while intoxicated, Class A misdemeanor criminal trespass, Class B felony burglary, Class A misdemeanor resisting law enforcement, and Class A misdemeanor aggressive driving. He has had home detention and a suspended sentence revoked, and he was on probation at the time of the current offense. At the time of the sentencing hearing, he had pending charges for Class D felony unlawful sale of a precursor, Class A misdemeanor resisting law enforcement, Class B misdemeanor false informing, Level 6 felony forgery, Level 6 felony theft, Level 2 felony burglary with a deadly weapon, Class A misdemeanor theft, Class B misdemeanor criminal mischief, Level 4 felony burglary, and Level 6 felony theft.

Rigney argues that he has a mental illness that was exacerbated by his 2012 car accident and that he desires substance abuse treatment. Despite Rigney's physical and mental injuries from his car accident, he has continued to accumulate numerous criminal charges and convictions. Although his desire for substance abuse treatment is commendable, it does not negate his significant criminal history and continued criminal activity. The fourteen-year sentence imposed by the trial court is not inappropriate.

## Conclusion

Rigney's sentence is not inappropriate. We affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.