## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 04 2018, 10:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua T. Trammell, *Appellant-Defendant,* | April 4, 2018 |
| v. | Court of Appeals Case No. 24A01-1705-CR-1103 |
| | Appeal from the Franklin Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Beth A. Butsch, Special Judge |
| | Trial Court Cause No. 24C01-1602-FD-128 |

**May, Judge.**

[1]     Joshua T. Trammell appeals the trial court's imposition of a three-year sentence following Trammell's conviction of Class D felony theft.[1]  Trammell asserts two issues: (1) the trial court abused its discretion when it failed to find four mitigators during sentencing; and (2) his sentence is inappropriate.  We affirm.

## Facts and Procedural History

[2]     On April 29, 2013, Trammell stole "fifty to seventy-five dollars" worth of scrap metal.  (Tr. Vol. II at 47.)  On February 11, 2016, the State charged him with Class D felony theft.  On February 13, 2017, Trammell pled guilty without benefit of a plea agreement.  However, the trial court noted "the State has agreed not to file the Habitual Offender count" in return for Trammell's guilty plea.  (*Id*. at 18.)  The trial court asked Trammell if he had "received any promises to get you to enter this plea of guilty today other then [sic] the fact that the State is not going to file the Habitual Offender charge?"  (*Id*. at 21.)  Trammell indicated he had not, except "the dismissal of the Habitual[.]"  (*Id*.)

[3]     Trammell testified at his sentencing hearing regarding his childhood, his substance abuse issues, his mental health issues, and his physical disability.  After noting Trammell was "at a high risk for recidivism," (*id*. at 47), and that he had "seven (7) felony convictions, nineteen (19) misdemeanor convictions, numerous probation violations, [and] several juvenile delinquence [sic]

---

[1] Ind. Code § 35-43-4-2 (2009).

adjudications[,]" (*id.*), along with the fact that Trammel was serving a sentence at that time, and also had "some pending cases involving drug possession," (*id.*), the trial court stated:

> If I look at the statutory aggravators and mitigators that are found at I.C. 35-38-1-7.1 which I always do. Um, I don't find any mitigators. I do find several aggraators [sic], that being your criminal history which I have recited. I agree that, uh, though . . . I agree with [Defense Counsel] that your repetitive incarceration has not seemed to do anything as far as keeping you from re-offending. It has kept you out of society where you can't commit crimes while you are incarcerated, but it doesn't seem to have rehabilitated you in any fashion. I do disagree with [Defense Counsel] that probation would be appropriate. Probation has been an abject failure. You have been on probation many, many times and have violated probation many, many times. So I don't believe that probation would be helpful in your case, what I am willing to do is, uh, I'm going to sentence you to the maximum sentence of three (3) years, but . . . and it's . . . it's a big . . . it's a big difference. I'm going to sentence you to three (3) years at the Indiana Department of Corrections [sic]. I'm going to sentence you consecutive to Cause No. 24C02-1306-FD-596. I'm going to give you credit for the actual . . . days that you have served. . . . . I"m [sic] sentencing you to Purposeful Incarceration at the Indiana Department of Corrections [sic].

(*Id*. at 47-48.)

[4] The trial court told Trammell that "Purposeful Incarceration is a program at the Indiana Department of Corrections [sic] that . . . is a useful, productive, rehabilitating program[.]" (*Id*. at 49.) The trial court thought it "obvious . . . that [Trammell] need[s] some intensive drug treatment." (*Id*. at 49-50.) The

trial court also stated Trammell needed mental health treatment while incarcerated.

# Discussion and Decision

## Abuse of Discretion

[5] Trammell argues the trial court abused its discretion by failing to consider four mitigating circumstances. Sentencing decisions are within the sound discretion of the trial court, and we review them on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). One way a court abuses its discretion is by failing to address mitigating circumstances that are advanced for consideration and clearly supported by the record. *Id.* at 490-491. A trial court is not, however, required to accept a defendant's claim as to the existence of a mitigating circumstances. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied.* Rather, the defendant must "establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* The trial court is not obligated to explain why it did not find a circumstance to be mitigating. *Anglemyer*, 868 N.E.2d at 493.

[6] Trammell argues the trial court abused its discretion by failing to find a mitigator in the facts that: 1) he pled guilty without benefit of a plea agreement; 2) he had a difficult childhood; 3) he has substance abuse and mental health issues; and 4) he has a physical disability.

## *Guilty Plea*

[7] Pertinent to Trammell's guilty plea, the trial court told counsel it had been "advised that Mr. Trammell wishes to enter a plea of guilty to the Class D Felony charge with open sentencing to the Court, and that the Habitual Offender charge would be dismissed." (Tr. Vol. II at 12.) Trammell's counsel agreed with that statement. The State clarified it had not filed the Habitual Offender charge but that it agreed to forego filing it. The trial court noted the plea was an open plea without a written agreement. It asked Trammell, "[Y]ou also understand that the State has agreed not to file the Habitual Offender count?" (*Id*. at 18.) Trammell indicated he understood that. The trial court then asked Trammell if he had "received any promises to get you to enter this plea of guilty today other then [sic] the fact that the State is not going to file the Habitual Offender charge?" (*Id*. at 21.) Trammell answered, "Nothing other then [sic] the dismissal of the Habitual[.]" (*Id*.)

[8] Trammell argues that no plea agreement was in place; thus, he received no significant benefit from pleading guilty. Trammell correctly notes that a plea agreement for a felony charge must be submitted in writing. *See* Ind. Code § 35-35-3-3(a)(1); *see also Hunter v. State*, 477 N.E.2d 317, 320 (Ind. Ct. App. 1985) (when plea agreement was not in writing, it was unenforceable), *reh'g denied*. However, the requirement for a writing pertains mainly to the enforceability of such an agreement rather than to show whether a defendant received a benefit of the bargain made with the State. *See, e.g., Bowers v. State*, 500 N.E.2d 203, 204 (Ind. 1986) (enforceability of unwritten plea hinged on the requirement of

State to uphold its "pledge of public faith" and not file charges it had promised to drop in exchange for information); *see also Gil v. State*, 988 N.E.2d 1231, 1234 n.2 (Ind. Ct. App. 2013) (noting the "purpose behind [Indiana Code § 35-35-3-3] is to insure that a defendant does not base his guilty plea upon certain promises made by the prosecutor where the judge has in fact not accepted the [S]tate's recommendation") (quoting *Davis v. State*, 418 N.E.2d 256, 260 (Ind. Ct. App. 1992)).  Additionally, an oral plea agreement must be enforced if the "State has materially benefitted from the terms of the agreement or if the defendant has relied on the terms of the agreement to his substantial detriment."  *Shepperson v. State*, 800 N.E.2d 658, 659 (Ind. Ct. App. 2003), (quoting *Badger v. State*, 637 N.E.2d 800, 804 (Ind. 1994)).

[9]     Here, Trammell is not arguing the State did not uphold its portion of the unwritten agreement.  Rather, Trammell argues that benefit cannot be used to offset the possible mitigation of his guilty plea because the agreement was not in writing.  We disagree.  Trammell and his counsel agreed they understood the State was withholding filing the Habitual Offender charge in exchange for Trammell's guilty plea.  The State withheld filing the charge.  The question before us is whether the trial court abused its discretion when it did not include the plea as a mitigating factor.

[10]    "A guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic."  *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied.*  If

the State had filed the Habitual Offender charge, Trammell faced the possibility of four-and-a-half years added to his sentence. *See* Ind. Code § 35-50-2-8 (2005) ("The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence to the underlying offense nor more than three (3) times the advisory sentence for the underlying offense."). Based on the fact the State withheld filing the Habitual Offender charge in exchange for Trammell's guilty plea, we conclude Trammell's plea was pragmatic. *See, e.g., Wells v. State*, 836 N.E.2d 475, 480 (Ind. Ct. App. 2005) ("guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit), *trans. denied.* Accordingly, we hold the trial court did not abuse its discretion when it did not consider Trammell's guilty plea as a mitigating factor when sentencing him.

### *Childhood*

"[E]vidence of a difficult childhood is entitled to little, if any, mitigating weight." *Bethea v. State*, 983 N.E.2d 1134, 1141 (Ind. 2013). Although Trammell states his childhood was difficult and he was not taught "boundaries or . . . coping skills[,]" (Appellant's Br. at 13), he is a forty year old man who has had numerous opportunities to rehabilitate himself through his frequent interactions with the judicial system. He gives no reason for his inability to learn those boundaries and coping skills as an adult except to note he is "sorry for the system that has failed [him]." (App. Vol. II at 105.) We cannot conclude the trial court abused its discretion when it did not consider Trammell's childhood as a mitigating factor when sentencing him.

## Substance Abuse/Mental Illness

[12] A trial court is not required to consider substance abuse a mitigating circumstance, *James v. State*, 643 N.E.2d 321, 323 (Ind. 1994), and in fact may find it to be an aggravator. *Iddings v. State*, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002), *trans. denied.* Trammell argues his substance abuse is tied to his difficult childhood. As noted above, however, he offers little explanation why he remains unable to cope after being offered multiple rehabilitative opportunities. We cannot conclude the trial court abused its discretion when it did not consider Trammell's substance abuse as a mitigating factor when sentencing him. *See Rose v. State*, 810 N.E.2d 361, 366-67 (Ind. Ct. App. 2004) (finding no abuse of discretion in trial court's failure to find mitigator in addiction when defendant had failed to take advantage of prior opportunities to receive drug treatment).

[13] "[M]ental illness, especially if it has some connection to the crime involved, must be given some, and occasionally considerable, weight in mitigation." *Ousley v. State*, 807 N.E.2d 758, 762 (Ind. Ct. App. 2004). However, in cases wherein mental illness warrants significant mitigating weight, the evidence of the mental illness must be "so pervasive throughout the proceedings that the defendant was found to be guilty but mentally ill." *Id.* Contrary to his claims of mental illness, Trammell presented no evidence he has been diagnosed with a mental illness. He acknowledged this fact in both the pre-sentence investigation and in the sentencing hearing when the trial court questioned him about it. We find no abuse of discretion when the trial court did not consider

mental illness as a mitigating factor when sentencing Trammell. *See id.* ("mental illness is a mitigating factor to be used in certain circumstances, such as when the evidence demonstrates longstanding mental health issues or when the jury finds that a defendant is mentally ill").

### *Physical Disability*

[14] Trammell relies on *Moyer v. State*, 796 N.E.2d 309 (Ind. Ct. App. 2003), to support his claim that his physical disability warranted treatment as a mitigating circumstance during sentencing. In *Moyer*, we held the constant medical attention Moyer required was beyond the jail's ability and, thus, Moyer's condition should have been given weight as a mitigating circumstance during sentencing. *Id.* at 314. Moyer suffered from "lymphoma, malignancy of the larynx, and recurring tumors. He also ha[d] pulmonary disease and relie[d] on a breathing apparatus. [He] require[d] frequent tracheal cleaning and sterile catheters, which the jail [could not] provide regularly." *Id*.

[15] Trammell fell while working and injured his ankle, foot, and knee. He requires pain medication for his injury. He presented no evidence the Department of Correction cannot provide the medical attention he requires. We find no abuse of discretion when the trial court did not consider Trammell's physical disability as a mitigating factor during sentencing. *See Henderson v. State*, 848 N.E.2d 341, 345 (Ind. Ct. App. 2006) (no error when defendant did not present evidence medical conditions were untreatable while incarcerated).

# Inappropriate Sentence

[16] Trammell asserts his sentence is inappropriate. He argues the "offense was minor and caused no harm other than pecuniary loss." (Appellant's Br. at 18.) Additionally, he argues that, although he has "a large number of convictions . . . approximately 2/3 of them were misdemeanors and most were related to his substance abuse issues. ten of the convictions were entered at least at decade ago." (*Id*. at 19) (errors in orginal).

[17] Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer*, 868 N.E.2d at 491. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Trammell, as the appellant, bears the burden of demonstrating his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Class D felony committed prior to July 1, 2013, was "a fixed term of between six (6) months and three (3) years, with the

advisory sentence being one and one-half (1 ½ ) years." Ind. Code § 35-50-2-7 (April 1, 2013). The trial court sentenced Trammell to three years. Thus, Trammel received the maximum sentence for his offense.

[19] Very little information regarding the offense is in the record. Trammell stole scrap metal worth "in the nature of fifty to seventy five dollars[.]" (Tr. Vol. II at 47.) We see nothing more egregious about Trammell's crime than the standard theft offense.

[20] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Trammell acknowledges the "large number of convictions" he has amassed. (Appellant's Br. at 19.) However, he argues that "2/3 of [the convictions] were misdemeanors and most were related to his substance abuse issues." (*Id.*) He is not incorrect. However, that does not negate the fact that he has nineteen misdemeanor convictions, seven felony convictions, seven probation violations, and a pending case involving drug possession.

[21] Trammell has participated in multiple treatment programs but still fails to conform to societal and legal norms. He has been offered multiple opportunities to serve sentences on probation but has violated the terms of probations. His behavior indicates a failure to take responsibility for his actions. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)

(continuing to commit crimes after frequent contacts with the judicial system is a poor reflection on one's character); *see also Connor v. State*, 58 N.E.3d 215, 221 (Ind. Ct. App. 2016) (continued crimes indicate a failure to take full responsibility for one's actions).

[22] While Trammell attempts to argue his statements during the pre-sentence investigation merely demonstrate his frustration, we note Trammell wrote: "I am not sorry for the things that I've done, I am sorry for who I am and have become. I [sic] sorry for the system that has failed me." (App. Vol. II at 105.) Beyond his lengthy criminal history, these statements document his lack of remorse. Such a lack of remorse, together with the extensive criminal history reflects poorly on Trammell's character and does nothing to persuade us to see as inappropriate the trial court's order that Trammell serve the maximum sentence of three years. *See Perry v. State*, 78 N.E.3d 1, 13 (Ind. 2017) (sentence appropriate when offender had an extensive criminal history and expressed veiled remorse for his crimes).

# Conclusion

[23] The trial court did not abuse its discretion when it did not consider certain factors to be mitigators when sentencing Trammell. Similarly, Trammell has not demonstrated his three-year sentence is inappropriate in light of his character and his offense. Accordingly, we affirm.

[24] Affirmed.

Vaidik, C.J., and Altice, J., concur.