## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 10:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam Christopher Avila,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 20, 2020

Court of Appeals Case No.
19A-CR-1619

Appeal from the Tippecanoe
Circuit Court

The Honorable Sean M. Persin,
Judge

Trial Court Cause No.
79C01-1811-F4-43

**Pyle, Judge.**

# Statement of the Case

[1] Adam Avila ("Avila") appeals the sentence imposed after he pled guilty to Level 4 felony sexual misconduct with a minor[1] and Level 6 felony possession of child pornography.[2] Avila argues that his six-year aggregate sentence–with three years to be served in the Indiana Department of Correction ("DOC") and three years to be served in community corrections–is inappropriate. Concluding that Avila has failed to show that his sentence is inappropriate, we affirm the sentence.

[2] We affirm.

# Issue

Whether Avila's sentence is inappropriate.

# Facts

[3] In January 2017, thirty-one-year-old Avila began communicating with fifteen-year-old K.D. on Facebook Messenger. Initially, Avila believed that K.D. was an adult. However, when Avila learned K.D.'s true age, he continued their relationship. Avila repeatedly engaged in months of grooming behavior. This behavior included explicit sexual talk and requests for nude images and videos

---

[1] IND. CODE § 35-42-4-9.

[2] I.C. § 35-42-4-4.

of K.D. Avila also sent K.D. nude photos of himself and threatened her with anal sex. Eventually, Avila and K.D. engaged in sexual intercourse a few months before K.D.'s sixteenth birthday, and they did so on multiple occasions.

[4] In October 2018, an officer from the Lafayette police department was assigned three CyberTip leads from the National Center for Missing and Exploited Children. Facebook had submitted the CyberTip leads based on 134 images and eight videos sent from K.D. to Avila, which they suspected to be child pornography.

[5] Thereafter, the State charged Avila with Level 4 felony sexual misconduct with a minor, Level 4 felony child solicitation, Level 5 felony sexual misconduct with a minor, Level 5 felony child seduction, Level 5 felony vicarious sexual gratification, Level 6 felony possession of child pornography, and Level 6 felony dissemination of matter harmful to minors. Avila posted bond, and the trial court ordered him to have no contact with K.D.

[6] Pursuant to a plea agreement, Avila pled guilty to Level 4 felony sexual misconduct with a minor and Level 6 felony possession of child pornography in May 2019. In exchange, the State agreed to dismiss the remaining charges, and the sentence was left to the discretion of the trial court.

[7] Later that month, K.D.'s father reported that she had run away. K.D. was located at Avila's father and stepmother's home, where Avila had been living. The State filed a motion to revoke Avila's bond, and the trial court held a hearing on the State's motion. The trial court found "that the [S]tate ha[d]

proven by clear and convincing evidence that [Avila] has violated [a] condition of bond by having contact with the alleged victim in this case." (Tr. 37). The trial court ordered Avila to be held without bond until his sentencing hearing.

[8] In June 2019, the trial court held a sentencing hearing. The presentence investigation report ("PSI") included information about Avila's health issues including a childhood cancer diagnosis, which has been in remission since 1990, and a 2017 heart transplant. The PSI also explained that Avila was unable to lift over five to ten pounds and had a limited range of motion in his left arm, a suppressed immune system, chronic pain, and a low risk to re-offend. The State requested that the trial court impose consecutive sentences of seven (7) years for Avila's Level 4 felony and two (2) years for his Level 6 felony conviction. Avila requested the trial court impose an aggregate sentence of four (4) years, with a portion executed in community corrections and a portion on probation.

[9] When sentencing Avila, the trial court identified the harm to the victim as the only aggravating circumstance. The trial court then identified the following mitigating circumstances: (1) the fact that Avila had pled guilty and had taken responsibility for his actions; (2) Avila's lack of criminal history; and (3) the difficulty that long term incarceration would have on Avila due to his health issues. Because the harm to the victim was "substantial[,]" the trial court found that that "aggravating factor[] and mitigating factors balance." (Tr. 80). The trial court then sentenced Avila to the six (6) year advisory sentence for his Level 4 felony conviction and a one (1) year advisory sentence for his Level 6

felony conviction. The trial court ordered the two sentences to run concurrently with three (3) years executed in the DOC and three (3) years suspended to Community Corrections as a term of probation. Avila now appeals.

## Decision

On appeal, Avila argues that his aggregate six-year sentence is inappropriate. He does not challenge the duration of his sentence. Rather, he challenges the trial court's sentencing decision that he serve three years of his aggregate sentence in the DOC. Avila contends that his lack of criminal history, low risk to re-offend, and poor health illustrate a character that makes the execution of a portion of his sentence in the DOC inappropriate. He asserts that the trial court should have, instead, suspended his entire six-year sentence and ordered it to be served in community corrections. We disagree.

Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a

perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[12]     When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the General Assembly has selected as an appropriate sentence for the crimes committed. *Childress*, 848 N.E.2d at 1081. Here, Avila pled guilty to one Level 4 felony and one Level 6 felony. The sentencing range for a Level 4 felony is "for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." I.C. § 35-50-2-5.5. The sentencing range for a Level 6 felony is "for a fixed term of between six (6) months and two and one-half (2½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). Here, the trial court sentenced Avila to concurrent advisory sentences and suspended a portion of the sentence to probation. Specifically, the trial court imposed an advisory six (6) year sentence for Avila's Level 4 felony conviction and a one (1) year advisory sentence for his Level 6 felony conviction. The trial court ordered that three (3) years of the aggregate six (6) year sentence would be executed in the DOC and the remaining three (3) years be suspended to probation and served in community corrections.

[13]     The location where a sentence is to be served is an appropriate focus for our review and revise authority under Appellate Rule 7(B). *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, this Court has previous explained that it will be "quite difficult" for a defendant to prevail on a claim that his sentence is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007).

This is because an appellate court is "unlikely to consider an advisory sentence inappropriate." *Shelby v. State*, 986 N.E.2d 345, 371 (Ind. Ct. App. 2013), *trans. denied*. "[A] defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. When considering the appropriateness of a sentence, we consider "all aspects of the penal consequences imposed by the trial judge in sentencing[,]" including "whether a portion of the sentence is ordered suspended." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Avila has not met the heavy burden he faces in this appeal.

[14] Turning to the nature of Avila's offense, this Court has recognized that the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). As Avila himself acknowledges, the nature of his offense is "serious and would generally warrant the term of incarceration imposed in this case." (Avila's Br. 9). Here, Avila requested and had sexual intercourse with fifteen-year-old K.D. on multiple occasions. He also engaged in months of grooming behavior, including explicit sexual talk and requests for nude images and videos of K.D. He also sent K.D. nude photos of himself and threatened her with anal sex. We cannot say that placement in DOC is inappropriate in light of the nature of Avila's crimes.

[15] As for Avila's character, during sentencing, the trial court identified and considered the following three mitigating circumstances: (1) the fact that Avila

had pled guilty and had taken responsibility for his actions; (2) Avila's lack of criminal history; and (3) the difficulty that long term incarceration would have on Avila due to his health issues. We acknowledge that Avila has taken responsibility, has no prior criminal history, and is a considered a low risk to re-offend. However, we also recognize that the crimes committed by Avila were ongoing for months and that he had violated the no contact order with K.D. while awaiting sentencing, resulting in his bond being revoked.

[16] To support his contention that his health issues–lack of sternum and susceptibility to illness–warrants a change in placement, Avila relies on *Moyer v. State*, 796 N.E.2d 309 (Ind. Ct. App. 2003). In *Moyer*, the defendant argued on appeal, in part, that the trial court should have considered his illness as a significant mitigating circumstance. We agreed and held that the constant medical attention the defendant required was beyond the jail's ability and, thus, the defendant's condition should have been given weight as a mitigating circumstance during sentencing. The defendant suffered from "lymphoma, malignancy of the larynx, and recurring tumors. He also ha[d] pulmonary disease and relie[d] on a breathing apparatus. [He] require[d] frequent tracheal cleaning and sterile catheters, which the jail [could not] provide regularly." *Id.* at 314. This Court determined that the aggravating circumstances still outweighed the mitigating circumstances, but we remanded the case to the trial court with instructions to vacate the defendant's forty-year sentence and resentence him to twenty-four years.

[17]     Here, the facts of the instant case are distinguishable from those in *Moyer*. Importantly, here, the trial court recognized and considered Avila's health issues as a mitigating circumstance. The record clearly demonstrates that the trial court did not ignore Avila's medical issues when sentencing him. Next, Avila does not require constant medical treatment. His main concerns are that he is susceptible to illness and does not have a sternum. In addition, Avila has failed to demonstrate that his medical concerns cannot be treated in the DOC. His argument is essentially that it would be more appropriate for him to serve his entire six-year sentence in community corrections. Such an argument amounts to an assertion of what he considers to be a more appropriate sentence, not an explanation of why his sentence is inappropriate. That is not the question addressed under Appellate Rule 7(B). *See Fonner*, 876 N.E.2d at 344 (explaining that "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate"). Furthermore, unlike the defendant in *Moyer*, who was sentenced to forty years in the DOC, Avila's was only ordered to serve three years of his aggregate six-year sentence in the DOC. This is noteworthy because a persuasive case can be made that Avila's sentence could be increased under these facts. *See McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009) (explaining that an appellate court, exercising its constitutional authority to review and revise criminal sentences, may impose a more severe sentence than was ordered by the trial court).

[18] Avila has failed to meet his burden to persuade this Court that placement in the DOC is inappropriate. Accordingly, we affirm his sentence.

[19] Affirmed.

May, J., and Crone, J., concur.